JAMES POWERS, Appellee, v. ORVILLE ROGERS, Appellant.

No. 40635.

FEBRUARY 17, 1931.

REHEARING DENIED SEPTEMBER 26, 1931.

George J. Dugan and Earl P. Tucker, for appellant.

J. W. Morris, and Batschelct & Vincent, for appellee.

ALBERT, J.—It appears that in 1920, the plaintiff, the defendant and several other parties organized a corporation known as the "Panora Rendering Works," and the defendant became

a stockholder therein, giving two notes of $500 each to the corporation, dated in May, 1920, and he (defendant) was employed as manager thereof at a salary of $35 a week. These two notes were sold by the corporation to the Guthrie County National Bank, and later at their maturity, the bank demanded payment thereof whereupon the defendant, on November 18, 1920, executed a note for $1,000.00 due in six months, and another note for $42.25, representing interest due on the first two notes given. These last two notes are the basis of this action, and in the petition suing on these two notes, the defendant pleaded first, want of consideration. The court rightfully held that he had failed to establish this claim because the notes first given and the interest due thereon were a consideration for the two notes in suit.

Second, the defendant pleaded a conditional delivery, alleging that at the time of the delivery of these two notes sued on herein, it was agreed that they were not to be paid unless he (the defendant) derived the money therefor from the profits of his share of the business, claiming that at the time these notes were executed, it was agreed that the business was to be continued on a 50-50 basis; that is, he was to have one-half of the net profits, and he was to pay these two notes from his share of said profits.

It appears from the evidence that because of the depression of the markets, this business became unprofitable and was abandoned because it was a losing proposition. These two notes were originally given to the Panora Rendering Works and indorsed by them to the Guthrie County National Bank to take the place of the first two notes referred to. After their maturity, the bank demanded payment and the plaintiff, James Powers, paid the same and they were indorsed to him.

We have read the record carefully and fail to find that the defendant made a *prima facie* case on his claim of conditional delivery. The court directed a verdict for the plaintiff and with its action we are inclined to agree.—Affirmed.

FAVILLE, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.